UNITED STATES DISTRICT COURT

Northern District of California

SHIRLEY GRANTHAM,

                Plaintiff,

     v.

BANK OF AMERICA, N.A.,

                Defendant.

_____/

No.  CV12-1960 MEJ

**ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR
JUDGMENT ON THE PLEADINGS**

**Re: Docket No. 15**

      Plaintiff Shirley Grantham has sued Bank of America, N.A. (BofA) for allegedly failing to remove past due payment notations that were reported after she filed a petition for bankruptcy, and for failing to report that Grantham disputed the account information.  Grantham alleges nine causes of action under (1) the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s–2(b); (2) the California Song–Beverly Credit Card Act of 1971, Cal. Civ. Code § 1747; (3) the California Consumer Credit Reporting Agencies Act (CCRAA), Cal. Civ. Code § 1785.25(a); (4) California's Unfair Competition Law (UCL), Bus. & Prof. Code § 17200; (5) libel, Cal. Civ. Code § 45; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; (8) deceit, Cal. Civ. Code § 1710; and (9) constructive fraud, Cal. Civ. Code § 1573.  BofA moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure (Rule) 12(c).  Dkt. No. 15.  Pursuant to Civil Local Rule 7-1(b), the Court finds a hearing unnecessary and VACATES the December 13, 2012 hearing.  After consideration of the parties' papers, relevant legal authority, and good cause appearing, the Court hereby GRANTS IN PART and DENIES IN PART BofA's motion for the reasons set forth below.

**BACKGROUND**

      On September 17, 2010, Grantham filed for bankruptcy, including the debt related to her two BofA credit card accounts ending in numbers 9098 and 1051, in the amounts of $5,987.00 and

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1  $941.00, respectively.  Compl. ¶¶ 12, 14, 16, Not. of Rem., Ex. A., Dkt. No. 1.  On January 4, 2011,

2  Grantham received a discharge of all dischargeable debts, including the BofA Accounts.  *Id.* ¶ 15.

3       In February 2011, Grantham sent a dispute letter to Experian requesting an investigation of

4  the 1051 Account, disputing the alleged delinquencies reported in her credit report while her

5  bankruptcy petition was pending.[1]  *Id.* ¶ 16.  On February 28, 2011, Grantham received a credit

6  report from Experian which showed that the delinquencies had been removed.  *Id.* ¶ 17, Ex. C; Pl.'s

7  Opp'n, Ex. A, Dkt. No. 16.  The Experian report for the 1051 Account reports that it was

8  "Discharged through Bankruptcy Chapter 7," and "Debt included in Chapter 7 Bankruptcy."

9  Compl., Ex. C; Pl.'s Opp'n, Ex. A.  It also reports the 1051 Account with a $0 balance as of October

10  2010.  Compl., Ex. C; Pl.'s Opp'n, Ex. A.  However, the report indicates that BofA reported the

11  account as 30 days late in November 2010 and reported the account as "charged-off" as of

12  December 2010.  Compl., Ex. C; Pl.'s Opp'n, Ex. A.

13       On March 26, 2012, Grantham filed this action in San Mateo County Superior Court.  BofA

14  subsequently removed the case to this Court on April 19, 2012.  Dkt. No. 1.  BofA filed the present

15  Motion on October 25, 2012.  Dkt. No. 15.  Grantham filed her Opposition on November 8, 2012

16  (Dkt. No. 16), and BofA filed its Reply on November 15, 2012 (Dkt. No. 19).

**DISCUSSION**

18       In its Motion, BofA moves to dismiss Grantham's first and third causes of action on the

19  grounds that: (1) the credit reporting information in her credit reports establishes that BofA

20  furnished only accurate information regarding her bankruptcy and the payment history of the BofA

21  accounts; and (2) a credit furnisher is not precluded from reporting information to credit bureaus

22  regarding delinquencies that occurred prior to the discharge of the underlying debt in bankruptcy.

23  Mot. at 1. BofA moves to dismiss Grantham's second and fourth through ninth causes of action on

24  the grounds that they are preempted by the FCRA.  *Id.*

25       BofA also moves to dismiss Grantham's fourth cause of action for violation of the UCL

27      [1] Although Grantham's Complaint refers to a dispute for both BofA accounts, she states in

28  her Opposition that the account ending in 9098 is not at issue.  Opp'n at 9.

1  because she lacks standing to assert a UCL claim and her predicate claims fail. *Id.* at 2. BofA

2  further argues that Grantham's sixth cause of action, for intentional infliction of emotional distress,

3  fails on the ground that she does not allege conduct sufficiently extreme or outrageous to permit

4  recovery under this theory. *Id.* BofA also moves to dismiss Grantham's seventh cause of action, for

5  negligent infliction of emotional distress, on the ground that California does not recognize such a

6  cause of action. *Id.* And finally, BofA moves to dismiss Grantham's ninth cause of action for

7  constructive fraud on the grounds that she has failed to allege a fiduciary relationship between

8  herself and BofA, and she has failed to plead the claim with the requisite particularity. *Id.*

9      In response, Grantham argues that she has identified two factual inaccuracies with the

10  information reported during her bankruptcy: (1) BofA reported overdue payments to Experian while

11  at the same time reporting that she made timely payments during this period; and (2) BofA labeled

12  the account as charged off after she filed for bankruptcy, which she contends is inaccurate because it

13  indicates that BofA wrote off the account at the time of bankruptcy when it had not done so. Opp'n

14  at 8.

15  **A.      Legal Standard**

16      Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay

17  trial—a party may move for judgment on the pleadings." The legal standard applied under Rule

18  12(c) is "virtually identical to the standard for a motion to dismiss under Rule 12(b)(6)." *Costa v.*

19  *Travelers Commercial Ins. Co.*, 2012 WL 3670653 (N.D. Cal. Aug. 24, 2012) (citing *Dworkin v.*

20  *Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)).

21      A complaint must contain a "short and plain statement of the claim showing that the pleader

22  is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a

23  claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a

24  legally cognizable claim and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S.

25  544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will

26  take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL*

27  *Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to

28

UNITED STATES DISTRICT COURT
For the Northern District of California

1   legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere

2   conclusory statements," are not taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

3   *Twombly*, 550 U.S. at 555).

4         Although the Court is generally confined to consideration of the allegations in the pleadings,

5   when the complaint is accompanied by attached documents, such documents are deemed part of the

6   complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. *Durning v.*

7   *First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

8         When granting a motion to dismiss, the Court is generally required to grant the plaintiff leave

9   to amend, even if no request to amend the pleading was made, unless amendment would be futile.

10  *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

11  In determining whether amendment would be futile, the court examines whether the complaint could

12  be amended to cure the defect requiring dismissal "without contradicting any of the allegations of

13  [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

14  **B.    Application to the Case at Bar**

15        1.    <u>Fair Credit Reporting Act</u>

16        Grantham's first cause of action is for violation of the FCRA.  Congress enacted the FCRA,

17  15 U.S.C. §§ 1681 *et seq.*, in 1970 "to ensure fair and accurate credit reporting, promote efficiency

18  in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47

19  (2007).  To ensure that credit reports are accurate, the FCRA imposes certain duties on the

20  furnishers that provide credit information to credit reporting agencies. *Gorman v. Wolpoff &*

21  *Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009).

22        Section 1681s-2(a) describes the "[d]uty of furnishers to provide accurate information," and

23  subsection (b) establishes the duties of furnishers after receiving notice of a dispute.  15 U.S.C. §

24  1681s-2.  Among other responsibilities, subsection (a) prohibits furnishers from reporting

25  information with actual knowledge of errors and requires furnishers to correct and update

26  information, and provide notice of disputes and closed accounts.  15 U.S.C. § 1681s–2(a)(1)(A), (2),

27  (3).  Subsection (b) provides that the furnisher shall, after receiving notice of a dispute from the

28

4

credit reporting agency, conduct an investigation of the disputed information; review all relevant

information provided by the agency; report the results of the investigation to the agency; and, if the

investigation reveals that the information is incomplete or inaccurate, report those results to all other

credit reporting agencies to which the person furnished the information.  15 U.S.C. § 1681s-2(b)(1);

*Gorman*, 584 F.3d at 1154.

> While the "[d]uties imposed on furnishers under subsection (a) are enforceable only by

federal or state agencies," §§ 1681n and 1681o provide a limited private right of action that applies

to § 1681s-2(b)'s requirement to investigate disputes and report inaccuracies.  *Gorman*, 584 F.3d at

1154 (citing 15 U.S.C. §§ 1681s–2(c) and (d)).

> Here, there appears to be inaccurate reporting in that Grantham's report from Experian

provides that her 1051 account is 30 days overdue in November 2010, while at the same time

reporting a $0 balance for October and November 2010.  Pl.'s Opp'n, Ex. A.  BofA attempts to

circumvent this apparent inconsistency by arguing that the $0 balance reported in October and

November 2010 is "favorable credit information – not adverse information – so it cannot not [sic] be

the basis for any damages based on credit reporting claims under the FCRA or any other credit

reporting statute."  Mot. at 6.  BofA's argument misplaced.  Grantham is not arguing that the $0

balance reporting is adverse information; rather, she argues that her report is inaccurate because it

lists an overdue payment while also reporting the balance of zero.  Opp'n at 12-13.  BofA also

appears to go beyond the pleadings and argues that "there is no inconsistency here because even

before Bank of America zeroed out Plaintiff's Account balance, Plaintiff was in default because she

had not been making payments on the account, notwithstanding a reported '0' balance."  Mot. at 6.

However, at this stage in the pleadings, the Court is required to take all material allegations as true

and construe them in the light most favorable to Grantham.  Clearly, a reported overdue payment is

adverse information.  Thus, while BofA is free to raise this argument in a motion for summary

judgment after further discovery into Grantham's allegations, the Court DENIES its motion at this

stage.

UNITED STATES DISTRICT COURT
For the Northern District of California

5

UNITED STATES DISTRICT COURT
For the Northern District of California

2.      California Consumer Credit Reporting Agencies Act

Grantham alleges a CCRAA claim under section 1785.25(a), which states, "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."  Grantham alleges that BofA "intentionally and knowingly reported inaccurate and false information regarding delinquency in payment to credit reporting agencies and date of discharge in violation of California Civil Code § 1785.25."  Compl. ¶ 48.  Unlike the FCRA, the CCRAA includes a private right of action to enforce the prohibition against supplying incomplete or inaccurate consumer credit information.  Cal. Civ. Code § 1785.25(g) ("A person who furnishes information to a consumer credit reporting agency is liable for failure to comply with this section, unless the furnisher establishes by a preponderance of the evidence that, at the time of the failure to comply with this section, the furnisher maintained reasonable procedures to comply with those provisions.").

As discussed above, there appears to be inaccurate reporting in that Grantham's report from Experian provides that her 1051 account is 30 days overdue in November 2010, while at the same time reporting a $0 balance for October and November 2010.  Pl.'s Opp'n, Ex. A.  Accordingly, taking all material allegations as true and construing them in the light most favorable to Grantham, the Court finds that she has stated a valid claim for relief.  The Court therefore DENIES BofA's motion at this stage in the proceedings.

3.      Whether Grantham's Second and Fourth Through Ninth Causes of Action are Preempted

As to Grantham's remaining claims, BofA argues that these allegations all derive from issues that are governed solely by the FCRA: BofA's allegedly inaccurate reporting of information to credit

bureaus and Bofa's allegedly inadequate investigation in response to Grantham's dispute regarding the reporting of her Account.  Mot. at 9-10.  Except for her fourth cause of action under the California Unfair Competition Law, Grantham's Opposition does not address her remaining state law claims.

6

UNITED STATES DISTRICT COURT
For the Northern District of California

1    "Through the FCRA, Congress has established a scheme of uniform requirements regulating

2    the use, collection and sharing of consumer credit information."  *Roybal v. Equifax,* 405 F. Supp. 2d

3    1177, 1178 (E.D. Cal. 2005).  "In order to maintain this uniformity, Congress included express

4    preemption clauses in the FCRA relating to various aspects of consumer credit reporting."  *Id.*

5    Among the claims expressly preempted are any state law claims regulating credit information

6    furnishers which relate to activity governed by section 1681s-2 of the FCRA.[2]  15 U.S.C. §

7    1681t(b)(1)(F).  Specifically, section 1681t(b)(1)(F)(ii) states: "No requirement or prohibition may

8    be imposed under the laws of any State . . . with respect to any subject matter regulated under . . .

9    section 1681s-2, relating to the responsibilities of persons who furnish information to

10   consumer reporting agencies[.]" 15 U.S.C. § 1681t(b)(1)(F).  Section 1681s-2 governs credit

11   furnishers' "reporting [of] information with actual knowledge of errors" and their investigatory

12   duties upon receiving notice of a dispute from a credit bureau. 15 U.S.C. § 1681b-2(a)-(b).

13          Here, Grantham's state law claims are all based upon the allegation that BofA furnished

14   inaccurate credit information about her accounts.  As these allegations all derive from issues that are

15   governed solely by the FCRA, they are preempted by the FCRA.  *See El-Aheidab v. Citibank (South*

16   *Dakota), N.A.*, 2012 WL 506473, at *7-8 (N.D. Cal. Feb. 15, 2012) ("The only circuit courts to have

17   considered the question have adopted the total preemption approach, ruling that § 1681t(b)(1)(F)

18   preempts both state statutory and common law causes of action.").  Accordingly, the Court

19   GRANTS BofA's Motion as to the following causes of action: (2) the California Song–Beverly

20   Credit Card Act of 1971, Cal. Civ. Code § 1747; (5) libel, Cal. Civ. Code § 45; (6) intentional

21   infliction of emotional distress; (7) negligent infliction of emotional distress; (8) deceit, Cal. Civ.

22   Code § 1710; and (9) constructive fraud, Cal. Civ. Code § 1573.

23          However, as to Grantham's fourth cause of action under the UCL, she alleges that BofA's

24   acts "were unlawful under the California Civil Code § 1785.25(a) and therefore constitute

25   misleading and unfair practices within the meaning of Business and Professions Code § 17200."

26   _____

27        [2] Section 1681s-2(a) of the FCRA "imposes a duty on 'furnishers of information' to provide
     accurate information to consumer reporting agencies." 15 U.S.C. § 1681s-2(a).

28

7

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1  Compl. ¶ 62.  In *El–Aheidab*, another judge in this district ruled that, to the extent the plaintiff based

2  his UCL claim solely on violations of section 1785.25(a), such a claim is not preempted by the

3  FCRA because it does not impose any additional substantive duties on the defendant and is merely

4  an additional procedural vehicle for enforcement.  2012 WL 506473, at *6; *see also Mortimer v. JP*

5  *Morgan Chase Bank, Nat. Ass'n*, 2012 WL 3155563, at *6 (N.D. Cal. Aug. 2, 2012) ("[T]he fact that

6  the UCL provides for a cause of action does not demonstrate that the law itself imposes an additional

7  requirement.  Thus, Mortimer's UCL claim is not preempted.").  Thus, because Grantham bases her

8  UCL claim on violations of section 1785.25(a), it is not preempted by the FCRA and BofA's Motion

9  as to this cause of action must be DENIED.

10  <center>**CONCLUSION**</center>

11  　　　Based on the analysis above, the Court GRANTS IN PART and DENIES IN PART BofA's

12  Motion.  BofA's Motion is GRANTED as to the following causes of action: (2) the California

13  Song–Beverly Credit Card Act of 1971, Cal. Civ. Code § 1747; (5) libel, Cal. Civ. Code § 45; (6)

14  intentional infliction of emotional distress; (7) negligent infliction of emotional distress; (8) deceit,

15  Cal. Civ. Code § 1710; and (9) constructive fraud, Cal. Civ. Code § 1573.  Because amendment

16  would be futile, leave to amend is DENIED.

17  　　　BofA's Motion is DENIED as to the following causes of action: (1) the Fair Credit Reporting

18  Act, 15 U.S.C. § 1681s–2(b); (3) the California Consumer Credit Reporting Agencies Act, Cal. Civ.

19  Code § 1785.25(a); and (4) California's Unfair Competition Law, Bus. & Prof. Code § 17200.

20  　　　**IT IS SO ORDERED.**

21

22  Dated: November 26, 2012

23  _____
　　Maria-Elena James
　　Chief United States Magistrate Judge

24

25

26

27

28

<center>8</center>